THE STATE v. AYRES.

A surveyor of the highways, did within six days after notice of his election, take, subscribe and file an oath in the following words. "I Benjamin S. Holmes, do solemnly and sincerely promise and swear, that I will in all things to the best of my knowledge and understang, well, justly, and faithly execute the office of a surveyor of the highway, without favour or partiality, of the township of Elsenborough in the county of Salem." *Held,* that the affidavit is insufficient, and that the return of the road must be set aside.

This was a *certiorari* directed to the Court of Common Pleas of the county of Salem, to remove into this court the proceedings in a matter of road.

*Eakin,* for the plaintiff, cited the following cases. *The State* v. *Davis,* 1 *Green's R.* 10; *South. R.* 348, *Id.* 398; 3 *Halst. R.* 302, 5 *Id.* 243; 1 *Green's R.* 268, 2 *Id.* 385; 5 *Halst. R.* 243; *Halst. Dig.* 174, *pl.* 5; 2 *Green's R.* 154, 3 *M. and S.* 493; 2 *Archb. Prac.* 280; 4 *Halst. R.* 20, 7 *T. R.* 363; 3 *Johns. Cas.* 108, *Cowper* 26; 4 *Burr.* 2244; 1 *Id.* 337; 3 *Green's R.* 58.

*Jeffers,* contra.

The opinion of the court, was delivered by

HORNBLOWER, C. J.    The counsel for the plaintiff in *certiorari,* moves to set aside the return of the surveyors in this case. 1st. Because Benjamin S. Holmes, one of the surveyors, had not taken and subscribed the oath required by the statute. *Rev. Laws,* 343.

The surveyor, did within six days after notice of his election, take, subscribe and file an oath, in the following words. "I Benjamin S. Holmes, do solemnly and sincerely promise and swear, that I will in all things to the best of my knowledge and *understang,* well, justly and *faithly,* execute the office of a surveyor of the high*way,* without favour or partiality, of the township of Elsenborough in the county of Salem."

(Signed)     BENJAMIN S. HOLMES.

"Sworn and subscribed before me this tenth day of March 1835."          (Signed)    W. H., Justice of the Peace.

The surveyor it seems afterwards took and subscribed another oath, free from the errors ascribed to the above, but did not file it in season; so that the authority of the surveyor to act in this

case, must depend upon the legality of the oath above recited. If the mistakes, in writing "understang" for "understanding," and "faithly" for "faithfully" were the only objections that could be raised, to the oath in question, I should feel strongly inclined to overcome them. The surveyor no doubt, took the oath in the words of the statute, and not in the way in which some of those words are written in the oath. But the Justice or the surveyor, or whoever reduced the oath to writing, has added to the form of the oath prescribed by the statute, the words "of the township of Elsenborough in the county of Salem." This objection too, if I felt myself at liberty to do so, I could readily overcome, by considering the additional words, as mere surplusage, not at all altering the sense or substance of the oath, nor impairing the obligation imposed by it on the conscience of the individual, "justly and faithfully to execute the office of a surveyor of the highways." But the case of *The State* v. *Davis*, 1 *Green's R.* 10, has settled this point. It is true, in that case, the language of the oath was, " I will perform the duties of a surveyor of the highway *for* the township of Orange." In this it is, " *of* the township of, &c. And upon this difference, the counsel for the defendant has ingeniously argued, that the word " for " limited the duties of the surveyor, to the particular township ; whereas the words " *of* the township " in this oath, only has reference to his being a surveyor, elected, *in* that township. I confess I should find no difficulty in understanding both forms of expression, as merely descriptive of the *officer* and the township in which he was elected, and not as descriptive, either of the office, or of the extent of the duties to be performed ; this is of the territorial limits within which he would execute the duties of surveyor. But the distinction sought to be established by the defendant's counsel, is too refined and subtle to lay at the foundation of a grave decision. I would rather overturn the case of *The State* v. *Davis*, at once, than attempt to escape from it, by such a criticism. Our decisions on this matter ought to vacillate. " *Stare decisis, et non quieta movere,*" is a good maxim in cases of this sort. The statute plainly prescribes a form, and in the spirit of the case of *The State* v. *Davis*, we

had better hold such officers to a literal compliance with that form, than speculate, how far we may permit them to depart from it with impunity. I think therefore on this ground, the return must be set aside.

The plaintiff's counsel also excepted to the oath, because it does not appear in the jurat or elsewhere, that the Justice resided " in or near the township "; nor even in what county he was a Justice, and administered the oath. These are matters which if necessary to be shown, may I think, be proved *aliunde.* But it is not necessary to give any opinion upon this point.

Let the return be quashed and set aside.

*Return quashed and set aside.*

CITED in *State* v. *Hart*, 2 *Harr.* 186 ; *State* v. *Northrop*, 3 *Harr.* 276 ; *Hoagland* v. *Culvert, Spencer* 388.